## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JONATHAN MONTOYA,

       Plaintiff,

vs.                                        Cause No. 1:14-cv-00793 WPL/SCY

COUNTY OF RIO ARRIBA, a political
Subdivision of the State of New Mexico,
DEPUTY MARVIN ARMIJO, as a State
Actor of the County of Rio Arriba,
DEPUTY ABRAHAM BACA, as a State
Actor of the County of Rio Arriba, DEPUTY
JARED MOSHER, in his individual capacity
as a State Actor of the County of Rio Arriba,
DEPUTY ZACK GARCIA, in his individual
Capacity as a State Actor of the County of
Rio Arriba,

       Defendants.

## ANSWER OF DEFENDANTS TO COMPLAINT
## FOR CIVIL RIGHTS VIOLATIONS AND
## VIOLATIONS OF THE NEW MEXICO
## TORT CLAIMS ACT

       Come now Defendants, County of Rio Arriba, Marvin Armijo, Abraham Baca, Jared

Mosher and Zack Garcia, by and through their counsel of record, Yenson, Allen & Wosick, P.C.

(Robert W. Becker, appearing), and by way of answer to the Complaint of Plaintiff, Jonathan

Montoya, for civil rights violations and violations of the New Mexico Tort Claims Act, state as

follows:

### JURISDICTION AND VENUE

       1.      Defendants admit that subject matter jurisdiction exists in the United States

District Court for the District of New Mexico.

2.      Defendants admit that venue is proper in the United States District Court for the District of New Mexico.

## PARTIES

3.      Defendants admit the allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants admit the allegations of Paragraph 5.

6.      Defendants admit the allegations of Paragraph 6.

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants admit the allegations of Paragraph 8.

## FACTUAL BACKGROUND

9.      Defendants deny the allegations of Paragraph 9.

10.     Defendants admit the allegations of Paragraph 10.

11.     Defendants deny the allegations of Paragraph 11

12.     Defendants deny the allegations of Paragraph 12 as stated.

13.     Defendants deny the allegations of Paragraph 13 as stated.

14.     Defendants deny the allegations of Paragraph 14 as stated.

15.     Defendants admit the allegations of Paragraph 15.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Defendants admit the allegations of Paragraph 17.

18.     Defendants admit the allegations of Paragraph 18.

19.     Defendants admit the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

21.      Defendants deny the allegations of Paragraph 21.

22.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of sentence one of Paragraph 22 because no specific Defendant is identified therein.  Defendants admit the allegations of sentence two of Paragraph 22.

23.      Defendants admit the allegations of Paragraph 23.

24.      Defendants deny the allegations of Paragraph 24.

25.      Defendants admit the allegations of Paragraph 25.

26.      Defendants deny the allegations of Paragraph 26.

27.      Defendants deny the allegations of Paragraph 27.

28.      Defendants deny the allegations of Paragraph 28.

29.      Defendants deny the allegations of Paragraph 29.

**COUNT I:  EXCESSIVE AND UNNECESSARY USE OF FORCE
DEPRIVATION OF RIGHTS PURSUANT TO THE FOURTH
AMENDMENT OF THE UNITED STATES CONSTITUTION
AND ARTICLE II, SECTION 10 OF THE NEW MEXICO
CONSTITUTION AS ENFORCED THROUGH
42 U.S.C. § 1983 AND NMSA 1978, § 41-4-1, ET SEQ.**

30.      Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

31.      The allegations of Paragraph 31 allege a legal conclusion to which no response is required.  To the extent the allegations of Paragraph 31 can be construed to allege facts, Defendants admit the allegations of Paragraph 31.

32.      Defendants deny the allegations of Paragraph 32.

33.      The allegations of Paragraph 33 allege a legal conclusion to which no response is required.  To the extent the allegations of Paragraph 33 can be construed to allege facts, Defendants deny the allegations of Paragraph 33 as stated.

34.     Defendants deny the allegations of Paragraph 34.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants deny the allegations of Paragraph 36.

## COUNT II:  ASSAULT AND BATTERY
## PURSUANT TO NMSA 1978, § 41-4-12

37.     Defendants repeat and reallege each and every answer to the previous allegations
as if set forth at length herein.

38.     The allegations of Paragraph 38 allege a legal conclusion to which no response is
required.  To the extent the allegations of Paragraph 38 can be construed to allege facts,
Defendants admit the allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants deny the allegations of Paragraph 42.

## COUNT III:  CLAIMS OF COUNTY AND SUPERVISORY
## LIABILITY UNDER 42 U.S.C. § 1983
## AGAINST DEFENDANT COUNTY

43.     Defendants repeat and reallege each and every answer to the previous allegations
as if set forth at length herein.

44.     The allegations of Paragraph 44 contain a legal argument to which no response is
required.  To the extent the allegations of Paragraph 44 can be construed to allege facts,
Defendants deny the allegations of Paragraph 44 as stated.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

## COUNT IV (INCORRECTLY DESIGNATED AS COUNT VI IN THE COMPLAINT): STATE TORT CLAIMS FOR NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS IN HIRING, TRAINING AND SUPERVISING DEFENDANTS GARCIA, MOSHER, ARMIJO AND BACA CAUSING ASSAULT, BATTERY AND DEPRIVATION OF CONSTITUTIONAL RIGHTS AGAINST DEFENDANT COUNTY OF RIO ARRIBA

52.     Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

53.     The allegations of Paragraph 53 allege a legal conclusion to which no response is required.  To the extent the allegations of Paragraph 53 can be construed to allege facts, Defendants deny the allegations of Paragraph 53 as stated.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

## COUNT V:  PUNITIVE DAMAGES

57.     Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**:  Any claims asserted against Defendant Rio Arriba County are barred for failure to comply with the notice provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq.

**SECOND AFFIRMATIVE DEFENSE**:  Count III of Plaintiff's Complaint, alleging municipal and supervisory liability, fails to state a claim pursuant to the United States Supreme Court decisions in <u>Bell Atlantic Co. v. Twombley</u> and <u>Ashcroft v. Iqbal</u>, and Defendant Rio Arriba County is entitled to judgment on the pleadings as a result thereof.

**THIRD AFFIRMATIVE DEFENSE**:  Defendants Garcia, Mosher, Armijo and Baca are entitled to qualified immunity from suit as to all federal claims asserted against them.

**FOURTH AFFIRMATIVE DEFENSE**:  Defendants Garcia, Mosher, Armijo and Baca are entitled to qualified immunity or the defense of good faith as to all state law claims asserted against them, as left open by the New Mexico Supreme Court decision in <u>Romero v. Sanchez</u>.

**FIFTH AFFIRMATIVE DEFENSE**:  Count I of Plaintiff's Complaint, alleging a violation of the New Mexico Constitution, fails to state a claim under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq., and Defendants are thus entitled to judgment on the pleadings as to said claim.

**SIXTH AFFIRMATIVE DEFENSE**:  To the extent Plaintiff recovers judgment against any defendant under any state law claim, said recovery should be reduced by Plaintiff's comparative negligence pursuant to the New Mexico Court of Appeals decision in <u>Garcia v. Gordon</u>.

**SEVENTH AFFIRMATIVE DEFENSE**:  Plaintiff failed to serve Defendants with reasonable diligence pursuant to NMRA 1-004(c)(2) as incorporated by Fed.R.Civ.P. 4(e)(1) and within 120 days of filing the Complaint pursuant to Fed.R.Civ.P 4(m).

Defendants reserve the right to assert additional affirmative defenses based upon what subsequent discovery and investigation may reveal.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants demand judgment dismissing the complaint against them with prejudice and for the taxation of those costs as allowed by law.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
***Attorney for Defendants County of
Rio Arriba, Marvin Armijo, Abraham
Baca, Jared Mosher and Zack Garcia***
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 5th day of September, 2014, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, as well as mailed a copy by first class mail to:

Yvonne K. Quintana, Esq.
Post Office Box 2395
Espanola, NM  87532
(505) 753-1911
ykq_law@valornet.com
***Attorney for Plaintiff***


***/s/ Robert W. Becker***